**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**NOV 2 2000**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

DELTA FIBERGLASS
STRUCTURES, INC., a Utah
corporation,

Plaintiff - Appellant,

v.

UNITED STATES FIDELITY AND
GUARANTY COMPANY, a foreign
corporation; RELIANCE
INSURANCE COMPANY, a foreign
corporation; and AGORA
SYNDICATE, a foreign corporation,

Defendants - Appellees.

No. 99-4187

(D. Utah)

(D.C. No. 97-CV-211-C)

---

**ORDER AND JUDGMENT** [*]

---

Before **MURPHY** and **ANDERSON** , Circuit Judges, and **KANE** [**], District
Judge.

---

[*]This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel.  The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

[**]Honorable John L. Kane, Jr., United States District Judge for the District
of Colorado, sitting by designation.

Delta Fiberglass, Inc. ("Delta") appeals the district court's grant of summary judgment in favor of United States Fidelity & Guarantee Co. ("USF&G") and Reliance Insurance Co. ("Reliance").[1] The district court exercised diversity jurisdiction over the matter pursuant to 28 U.S.C. § 1332(a)(1). We have jurisdiction pursuant to 28 U.S.C. § 1291, and affirm in part and reverse and remand in part.

This case involves the collapse of a fiberglass dome manufactured by Delta. It was conclusively determined that both the dome that collapsed and a companion dome, which had been delivered to the job site but not installed, were defectively manufactured by Delta. Delta reimbursed the prime contractor for costs it incurred in repairing a damaged mast arm and tank anchoring system, removing the collapsed dome and installing its replacement. In addition, Delta directly incurred expenses for disposing of both defective domes and designing and manufacturing replacement domes for the project. Delta attempted to recover the foregoing costs and expenses from its insurance carriers. Both USF&G and Reliance denied coverage based on exclusions contained in the relevant insurance policies, as a result of which Delta commenced this action. The district court

---

[1]The district court also granted summary judgment in favor of a third insurer, Agora Syndicate, Inc. Delta does not appeal that part of the judgment.

found that the damages claimed were excluded by the plain language of the policies and granted summary judgment in favor of USF&G and Reliance.

In its brief and at oral argument, Delta substantially restates the arguments it raised before the district court. Namely, Delta argues that (1) the costs incurred by the prime contractor in repairing the mast arm and tank anchoring system were admitted by Reliance to be "covered costs" under the CGL policy issued by Reliance and should have been awarded to Delta by the district court; (2) the costs incurred by the prime contractor in removing the defective dome and installing its replacement are "covered costs" under the CGL policy issued by Reliance; (3) the incorporation doctrine should apply so that it can be said that the entire structure, rather than Delta's product, collapsed, bringing the replacement cost of the domes under the coverage of the CGL policy issued by Reliance; (4) the addition of the impaired property exclusion and the modification to the product exclusion in the 1986 CGL form permit recovery to Delta from Reliance for the collapse of the dome; (5) the trial court erred in ruling that the prime contractor's purchase order did not incorporate the general provisions of the prime contract thereby precluding coverage under the property policy issued by USF&G; and (6) the trial court erred in finding that the non-collapsed dome was not covered under the CGL policy issued by Reliance or the property policy issued by USF&G.

We review appeals from summary judgment de novo, applying the same legal standard used by the district court. Simms v. Oklahoma ex rel. Dep't of Mental Health & Substance Abuse Servs., 165 F.3d 1321, 1326 (10th Cir.) (further citations and quotations omitted), cert. denied, 120 S. Ct. 53 (1999). The construction of an insurance policy is a matter of law which we review de novo. Grimes v. Swaim, 971 F.2d 622, 624 (10th Cir. 1992).

After thoroughly reviewing the briefs, examining the record and considering the arguments made before us at oral argument, we conclude that the district court did not err, with one exception. Reliance admitted before the district court and before this court that it was responsible to reimburse Delta for money Delta spent on repairs to the mast arm and tank anchoring system. The district court acknowledged Reliance's admission, but failed to make any award to Delta. The district court erred in failing to award Delta those covered costs. Accordingly, we reverse the judgment to the extent that it disallows recovery for the cost of repairing the mast arm and the tank anchoring system and remand for entry of an award of those covered costs to Delta. [2] In all other respects we affirm

---

[2]Reliance states that the covered repairs amount to approximately $4000. It is not clear on appeal whether or not that amount is disputed, but it is clear that any amount Delta spent on the repair of the covered items, namely the mast arm and the tank anchoring system, should be awarded to Delta on remand.

the judgment substantially on the grounds and for the reasons relied upon by the district court in its Order dated July 29, 1999.

AFFIRMED IN PART, REVERSED AND REMANDED IN PART.

ENTERED FOR THE COURT

Stephen H. Anderson
Circuit Judge